**SIGNED.**

Dated: December 19, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>AGUA NEGRA SPRINGS RANCH, LLC,<br><br>　　　　　　　　　Debtor.<br><br>DALE D. ULRICH,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>PHOENIX FINANCIAL SPECIALISTS, INC.; SANDRA S. LERMAN; and ERIC LERMAN,<br><br>　　　　　　　　　Defendants.<br><br>SANDRA S. LERMAN and ERIC LERMAN dba PHOENIX FINANCIAL SPECIALISTS, INC.,<br><br>　　　　　Third-Party Plaintiffs,<br>vs.<br><br>PHILLIP BRIAN STONICH,<br><br>　　　　　Third-Party Defendant. | Chapter 7<br><br>No. 2:08-bk-00968-JMM<br><br>Adversary Proceeding #: 2:08-ap-00656-JMM<br><br>**MEMORANDUM DECISION** |

　　　Before this court is the motion of the Third-Party Defendant, Phillip Brian Stonich, to extend the time for him to answer the Third-Party Complaint (Dkt. #19), filed against him by Eric Lerman and Sandra S. Lerman, dba Phoenix Financial Specialists.

　　　Before addressing that motion, however, and to avoid having that Third-Party Complaint portion of the case consume inordinate amounts of attorney time and clients' money, the

court feels that it is necessary to confer with Stonich's counsel, and the Lermans' counsel, to address the following issues:

1. Under what legal theory do the Lermans believe that an "indemnity" claim is viable, in view of the Debtor's (Phillip Stonich) chapter 7 case no. 2:07-bk-06842?

2. How do the Lermans believe, as a matter of law, that such a legal theory would entitle them to any kind of judgment that would survive the Debtor's bankruptcy discharge, and the discharge injunction of 11 U.S.C. § 524?

3. Under what legal theory do the Lermans believe that they are not impacted by the automatic stay of 11 U.S.C. § 362(a), which applies to all creditors of Phillip and Theresa Stonichs' chapter 7 bankruptcy proceeding?

4. How do the Lermans contend that they are not bound by the deadline to file non-dischargeability claims under 11 U.S.C. § 523 in the Stonichs' individual bankruptcy case (no. 2:07-bk-06842-JMM), which deadline expired on November 4, 2008? (*See* Dkt. #286, case no. 2:07-bk-06842).

5. Why don't the Lermans merely file a contingent claim in the Stonichs' bankruptcy case, and deal with its "allowability" only if there are assets in that case to distribute?

In short, the Lermans should be prepared to explain why the Third-Party Defendant, Phillip Stonich, should be required to expend monies to defend a lawsuit over a debt or contingent claim that will be discharged in his bankruptcy case. And, consistent therewith, why the parties should not agree that the Third-Party Complaint serves no apparent purpose, and why it should not be dismissed, and be replaced by a simple proof of claim in the Stonichs' bankruptcy case.

1   A hearing on these matters will be held on **January 21, 2009 at 11:00 a.m**, U.S.
2   Bankruptcy Court, 230 N. First Avenue, Courtroom 602, Phoenix, Arizona.  Any briefing on the
3   court's concerns would be appreciated, and should be filed **five days** prior to the hearing.
4   Until then, this court need not rule upon Mr. Stonich's motion to extend the time to
5   answer the Third-Party Complaint, and it need not be answered at this time.  Once the court discuses
6   with the parties which direction the case will be taking, Mr. Stonich is protected by the automatic
7   stay of 11 U.S.C. § 362(a), and need not respond.
8   Parties may appear at the hearing by telephone, by making advance arrangements with
9   LuAnn Beller, Courtroom Deputy, at (602) 682-4268.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification
Center ("BNC") to the following:

Terry A. Dake
Attorneys for Plaintiff Dale D. Ulrich

H. Lee Horner Jr.
Goldstein, Horner & Horner, Attorneys
P. O. Box 2665
Cortaro, AZ 85652
Attorneys for Eric Lerman and Sandra Lerman
    dba Phoenix Financial Specialists

Robert M. Cook
Attorney for Debtor and for Third Party Defendant Phillip Brian Stonich

Dale D. Ulrich, Trustee

Office of the U.S. Trustee